IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| CURVES, LLC<br>doing business as<br>Curves Bar & Grill, et al.,<br> Plaintiffs,<br>  v.<br>SPALDING COUNTY, GEORGIA, et al.,<br> Defendants. | CIVIL ACTION FILE<br>NO. 3:07-CV-10-TWT |

OPINION AND ORDER

  This is an action challenging the constitutionality of the Spalding County Amended Alcohol Ordinance which prohibited the Plaintiffs from offering nude dancing at a night club selling alcoholic beverages. Former Senior United States District Court Jack T. Camp held that the Amended Alcohol Ordinance was constitutional and granted the Defendants' Motion for Summary Judgment. The Plaintiffs appealed that judgment, and the appeal is currently pending in the United States Court of Appeals for the Eleventh Circuit.

  The case is before the Court on the Plaintiffs' Motion for Indicative Ruling on Relief From Judgment Under Rule 60(b) [Doc. 128]. Notwithstanding the pendency

of the appeal, under Fed. R. Civ. P. 62.1, the Court may defer consideration of the motion, deny the motion, or state that it would grant the motion if the court of appeals remands the case. In the motion, the Plaintiffs allege that former Judge Camp should have recused himself based upon the facts underlying his arrest on October 1, 2010. After the motion was filed, former Judge Camp pled guilty to an information charging him with aiding and abetting the unlawful possession of controlled substances, unlawful possession of controlled substances and conversion of government property. Pursuant to his plea agreement regarding these charges, Jack Camp resigned his office.

The Plaintiffs contend that former Judge Camp should be recused retroactively, and his order of July 23, 2010, vacated pursuant to 28 U.S.C. §§ 455(a) and (b). The Plaintiffs contend that former Judge Camp's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test is whether a reasonable person would question the judge's impartiality. Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000)("Under § 455, the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality."). The Plaintiffs have failed to identify any case holding that a judge's private misconduct, unrelated to the case or any party to the case, requires recusal under 28 U.S.C. § 455(a). See Liteky v.

United States, 510 U.S. 540, 551 (1994)("Disinterestedness does not mean child-like innocence.").

There is no allegation that former Judge Camp actually did anything in this case indicating bias or prejudice against either side.  A reasonable person reading former Judge Camp's thorough and well written order of July 23, 2010, would not question the former judge's impartiality, even with knowledge of his later admission to misconduct leading to his disgrace and resignation.  There is a presumption of impartiality and that presumption has not been overcome in this case.  There has been no showing that former Judge Camp violated 28 U.S.C. § 455(b) by relying upon extrajudicial sources in reaching the conclusion that the Spalding County Amended Alcohol Ordinance was constitutional.  The fact that former Judge Camp is alleged to have frequented strip clubs in Atlanta does not mean that he relied upon his personal experiences to rule as he did in this case.  His July 23, 2010 order speaks for itself and will be reviewed de novo by the Court of Appeals.

Even if there was a violation of 28 U.S.C. § 455, there has been no showing that the risk of injustice to the parties in this case, the risk that the denial of relief will produce injustice in other cases and the risk of undermining the public's confidence in the judicial process requires granting the relief to set aside the judgment in this case.  The appropriate remedy for former Judge Camp's reckless behavior and

criminal conduct is occurring in the case of <u>United States v. Jack T. Camp, Jr.</u>, 1:10-CR-475-TJH. Any error that he may have made in this case can be corrected by the Court of Appeals. The Plaintiffs' Motion for Indicative Ruling on Relief From Judgment Under Rule 60(b) [Doc. 128] is DENIED.

SO ORDERED, this 17 day of February, 2011.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge